Juan Carlos PEREZ–GARCIA,
et al., Plaintiffs,

v.

PUERTO RICO PORTS AUTHORITY,
et al., Defendants,

v.

Kingfisher Air Services, Inc., et al.,
Third–Party Defendants.

Civil No. 08–1448 (GAG).

United States District Court,
D. Puerto Rico.

July 3, 2012.

Jose Luis Ubarri–Garcia, David W. Roman, Ubarri & Roman, San Juan, PR, for Plaintiffs.

Phv Jeffrey F. Clement, Hoff & Herran, Chicago, IL, Phv Louis R. Martinez, Phv Richard Ritorto, Martinez & Ritorto PC, New York, NY, Ramon L. Walker–Merino, Walker Merino Law Office, Jose Luis Ubarri–Garcia, Ubarri & Roman, Juan M. Frontera–Suau, Ufret & Frontera Law Firm, Jaime F. Agrait–Llado, Agrait Llado Law Office, San Juan, PR, for Defendants.

Cristina A. Fernandez–Rodriguez, Totti & Rodriguez Diaz, Hato Rey, PR, Harold D. Vicente–Colon, Vicente & Cuebas, Juan M. Frontera–Suau, Ufret & Frontera Law Firm, Herman W. Colberg, Herman W. Colberg Law Office, Ivan R. Fernandez–Vallejo, Rodriguez & Fernandez, Israel O. Alicea–Luciano, San Juan, PR, for Third Party Defendants.

Phv James S. Usich, Law Firm James S. Usich, P.A., Palmetto Bay, FL, for Third Party Defendants and Defendants.

### ORDER

GUSTAVO A. GELPÍ, District Judge.

Juan Carlos Perez–Garcia ("Plaintiff") filed the present action against Puerto Rico Ports Authority ("PRPA"), Caribbean Airport Facilities, Inc. ("CAF"), and their respective insurance companies,[1] for damages sustained when a golf cart fell from the second level at the San Juan International Airport ("SJU Airport"). (*See* Docket No. 388). Plaintiff was being transported to Kingfisher Air Services' ("KF") hangar facility at the SJU Airport on May 2, 2006, when the golf cart fell from a vertical reciprocating conveyor ("VRC") on the second floor to the first floor. After Plaintiff filed his complaint, CAF filed a third-party complaint against KF, KF's insurance company Antilles Insurance Company ("Antilles"), Club Car LLC ("Club Car") and Bayamon Golf Cars ("Bayamon Golf") seeking contribution and/or indemnity from these defendants in the event CAF Defendants were found liable in the original action.

The present matter involves three motions *in limine* filed by Club Car. The first motion seeks to exclude reference to or discussion of documents dated January 13, 2005, from the Consumer Product Safety Commission regarding microscopic cracks found in Club Car's products (Docket No. 609). CAF opposed such motion (Docket No. 670), PRPA joined that opposition (Docket No. 679), while Kingfisher filed a separate opposition (Docket No. 685). The second motion seeks to exclude evidence of a material defect and correspondence from 1991 regarding said defect (Docket No. 612). CAF opposed such motion (Docket

No. 670), PRPA joined (Docket No. 679) and KF filed its own opposition (Docket No. 687). The third motion seeks to exclude all evidence regarding an internet advertisement for Orange County Golf Carts (Docket No. 613). CAF opposed said motion (Docket No. 670), PRPA joined that opposition (Docket No. 679) and KF filed its own opposition (Docket No. 688). For the following reasons, the court **GRANTS** Club Car's motion to exclude the Consumer Product Safety Commission letter of January 13, 2005 (Docket No. 609), **DENIES** Club Car's motion to exclude evidence of the 1991 materials defect (Docket No. 612) and **DENIES** Club Car's motion to exclude evidence of Orange County Golf Carts (Docket No. 613).

### I. Legal Standard

■ Rule 402 of the Federal Rules of Evidence states, "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution, a federal statute, these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." FED.R.EVID. 402. The test for relevant evidence is, "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED.R.EVID. 401. Relevant evidence may be inadmissible because its probative value is outweighed by its unfair prejudicial value, confuses the issues or misleads the jury. *See* FED.R.EVID. 403. In conducting a Rule 403 analysis for being unfairly prejudicial, the court only seeks to avoid unfair prejudice, because all evidence is designed to be prejudicial in some capacity. *See U.S. v. Varoudakis*, 233 F.3d 113, 122 (1st Cir.2000).

---

1. ACE Property and Casualty Insurance Company ("ACE") and Chartis Insurance Company—Puerto Rico ("Chartis")

Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." *See* FED.R.EVID. 801. Rule 802 bars hearsay testimony unless allowed by a federal statute, another Federal Rule of Evidence, or other rules prescribed by the Supreme Court. *See* FED.R.EVID. 802. Rule 803 provides for numerous exceptions to the general rule barring hearsay from being admitted into evidence. *See* FED.R.EVID. 803.

## II. Legal Analysis

### A. Consumer Product Safety Commission Document of January 13, 2005.

■ Club Car seeks to preclude evidence regarding the Consumer Product Safety Commission Letter ("2005 Commission Letter") because it is not relevant to the present case, its probative value is highly outweighed by its prejudicial value and because it contains hearsay. (*See* Docket No. 609 at 3.) Club Car claims the 2005 Commission Letter is not relevant because it applies to golf cars made in 2004 and 2005, whereas the one involved in the instant case was manufactured in 1996. In its opposition, CAF clarifies that it does not intend to use the 2005 Commission Letter to prove Club Car manufactures golf carts with microscopic cracks in the brake equalizing rods, but rather to demonstrate that Club Car knew its products were being used for transportation inside airports. (*See* Docket No. 670 at 3.)

In weighing the probative value of the 2005 Commission Letter to demonstrate that Club Car knew its golf carts were being used in airports against the prejudice towards Club Car, the court understands the 2005 Commission Letter would be unfairly prejudicial. One of CAF's legal theories is that Club Car negligently manufactured the golf cart in question. (*See* Docket No. 599 at 49.) It cannot be reasonably argued that a notice from the Consumer Product Safety Commission regarding the failure of brake equalizer rod is not prejudicial to Club Car. In the court's view, this is highly prejudicial in light of the circumstances of the accident. The 2005 Commission Letter is only being used to demonstrate that Club Car knew its carts were used in airports. The probative value of that assertion is not substantial in this case. Therefore, on the balance, allowing the jury to hear this evidence is not only prejudicial, but it substantially outweighs its probative value. Therefore, the evidence is excluded under Rule 403. The court **GRANTS** Club Car's motion at Docket No. 609.

### B. Consumer Product Safety Commission Correspondence of 1991.

■ In the next motion, Club Car seeks to exclude similar evidence regarding the hardness of the emergency brake pawl used for carts in 1990. It is stated within the 1991 correspondence that the carts in question were manufactured in 1990 and Club Car had taken corrective action to ensure the problem was fixed. (*See* Docket No. 612.) Club Car seeks exclusion based on Rules 402, 403 and 802 of the Federal Rules of Evidence. CAF argues the use of the letter is relevant as to whether Club Car had knowledge its golf carts were experiencing problems with the release of their parking brakes, that it is not unfairly prejudicial and it is not hearsay. (*See* Docket No. 670.)

■ The court agrees this evidence is relevant as to whether Club Car had knowledge that its products were experiencing problems with their braking system in 1990. The court does not find this evidence to be unfairly prejudicial. While it is prejudicial for Club Car, it is not

unfairly so. First, the letter contains evidence that Club Car voluntarily reported and corrected the issue regarding the emergency brake pawl. (*See* Docket No. 621.) Additionally, through testimony, direct or on cross examination, Club Car will have the opportunity to clarify the meaning of the letter and the fact that the issue was resolved before the 1996 model was manufactured. In balancing the probative value of demonstrating that Club Car had knowledge of past parking brake issues with the prejudice of Club Car, the court finds Rule 403 does not bar such evidence. Additionally, the court finds such evidence is not hearsay under Rule 802 as it is not offered to prove the matter asserted, rather it is being used to prove Club Car's had knowledge of issues with its emergency braking system. Therefore, the court **DENIES** Club Car motion to exclude at Docket No. 612.

### C. Evidence of Orange County Golf Carts

■ In its motion at Docket No. 613, Club Car seeks exclusion of an internet advertisement by Orange County Golf Carts. Particularly, Club Car seeks to exclude any such discussion based on Rule 802, or alternatively on Rules 402 and 403. Club Car argues it is inadmissible hearsay, while CAF argues it does not intend to use the information to prove the matter asserted, but rather to prove that Club Car had knowledge their products were used at airports. (*See* Docket No. 670 at 4.) KF simply argues Club Car did not carry its burden under the applicable rules to demonstrate this evidence should be excluded. (*See* Docket No. 688.)

■ The court finds the evidence relevant under Rule 402, as it tends to prove Club Car had knowledge that its golf carts were being used in airports. The court also finds the probative value of the evidence is not substantially outweighed by the any prejudice towards Club Car. The probative value lies in the knowledge that the golf carts were being used for purposes other than golfing. The prejudice is that Club Car had knowledge its carts were being used for purposes other than golfing, is not substantial. Therefore, the admissibility of the evidence relies upon the hearsay analysis.

■ CAF claims this evidence is not hearsay because it is not being used to demonstrate Orange County Golf Carts sells Club Car branded golf carts, but rather that Club Car had knowledge its carts were being used in airports. (*See* Docket No. 670 at 5.) The court agrees that the use of the evidence in this manner is not barred by Rule 802. Further, Club Car's assertion that Orange County Golf Carts is not an authorized dealer of Club Car golf carts seems to be contradicted by its own website. While it is not ultimately determinative for purposes of this motion, the court notes Orange County Golf Carts is listed as a dealership at which Club Car golf carts may be purchased. (*See* Docket No. 670–1.) Therefore, the court **DENIES** Club Car's motion to exclude evidence pertaining to the advertisement of Orange County Golf Carts at Docket No. 613.

### III. Conclusion

For the following reasons, the court **GRANTS** Club Car's motion to exclude the Consumer Product Safety Commission letter (Docket 609), **DENIES** Club Car's motion to exclude evidence of the 1991 materials defect (Docket 612) and **DENIES** Club Car's motion to exclude evidence of Orange County Golf Carts (Docket No. 613).

**SO ORDERED.**